UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER FLINT,

                Plaintiff,

       v.

DR. JUN, DR. PAULA BOZER,
and DR. KARL KOENIGSMAN,
*(DOCCS Headquarters, Albany, New
York)*,

            Defendants.
_____

**DECISION AND ORDER**

1:19-CV-00416 EAW

*Pro se* plaintiff Christopher Flint ("Plaintiff"), a prisoner currently confined at the Gowanda Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants Drs. Jun, Paula Bozer, and Karl Koenigsman (collectively "Defendants") failed to provide him adequate medical care and treatment in violation of the Eighth Amendment. (Dkt. 1).

The Court assumes familiarity with the underlying facts of this litigation, which are described in more detail in the Court's October 22, 2019, Decision and Order. (Dkt. 28). For the reasons that follow, the Court grants Plaintiff's Motion for Service by the United States Marshal (Dkt. 29) on the condition that Plaintiff pay the full service fee in advance, and denies as premature Plaintiff's Motion for Extension of Time to File Interrogatories (Dkt. 30).

## DISCUSSION

I.   **Plaintiff's Motion for Service by the United States Marshals Service ("USMS")**

   A.   **Request to Proceed *In Forma Pauperis***

   In his Motion for Service by the USMS, Plaintiff requests that the Court grant him permission to proceed *in forma pauperis*. (Dkt. 29 at 1). The Court previously denied Plaintiff's two prior IFP applications. (*See* Dkt. 12; Dkt 28).

   In his most recent motion to proceed IFP, Plaintiff expressly admitted that he could afford to pay the filing fees and costs to proceed with this action. (Dkt. 18 at 1). As outlined in the Court's prior Decision and Order dated October 22, 2019, Plaintiff has failed to demonstrate indigency in light of his significant resources. (*See* Dkt. 18 at ¶ 4 (Plaintiff has $300.00 in an account); Dkt. 24 at 2 (Plaintiff has $510.18 of spendable income in his inmate trust account), ¶ 2 (Plaintiff earns $2,500.00 in monthly rental income), ¶ 5 (Plaintiff has $15,000.00 in a checking account), ¶ 8 (Plaintiff owns three rental properties encumbered by mortgages)). Additionally, Plaintiff has paid the filing and administrative fees.

   Plaintiff does not assert that his financial status has changed such that he can no longer afford to pay the costs of this action. (*See* Dkt. 29). Accordingly, Plaintiff's request to proceed *in forma pauperis* is denied.

   B.   **Request for Service by the USMS**

   A plaintiff who is not proceeding *in forma pauperis* is not automatically entitled to service by the USMS, but may seek an order from the Court directing service by the USMS

for a fee pursuant to Rule 4(c) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specifically appointed by the court."). "The granting of such an order is discretionary with the Court."  *Johnson v. DHS/ICE*, No. 13-CV-0288A(Sr), 2013 WL 6669232, at *3 (W.D.N.Y. Dec. 18, 2013).

Here, Plaintiff has paid the filing fee and was denied *in forma pauperis* status. Consequently, he is responsible for serving the Amended Complaint and Summonses on Defendants. However, Plaintiff is incarcerated and proceeding *pro se*.  In order to facilitate disposition of this action, the Court orders service by the USMS, provided that Plaintiff pays the full service fee, in advance, by money order or certified check.[1]  *See Elleby v. Martucello*, No. 9:16-CV-1335 (MAD/DEP), 2017 WL 11319492, at *3 (N.D.N.Y. Apr. 5, 2017) ("In light of the fact that plaintiff is incarcerated and proceeding *pro se*, and in order to advance the disposition of this action, plaintiff may request . . . service by the U.S. Marshal, provided that plaintiff pays the service fee to the U.S. Marshal in full in advance. . . ."); *Abreu v. Travers*, No. 9:15-CV-0540(MAD)(ATB), 2016 WL 6127510, at *18 (N.D.N.Y. Oct. 20, 2016) (same).

---

[1]     The USMS service fees are set by regulation.  *See* 28 C.F.R. § 0.114.  The fee for process service by mail is $8.00 per item mailed, for a total of $24.00 for the three named Defendants.  28 C.F.R. § 0.114(2).  The fee for process served or executed personally is $65.00 per item served, for a total of $195.00 for the three named Defendants, plus travel costs and any other out-of-pocket expenses.  28 C.F.R. § 0.114(a)(3).  Plaintiff is also advised that if initial service is unsuccessful, he will be required to pay the USMS, also in advance, for subsequent service attempts according to the fee schedule set by the USMS.

Plaintiff states that he has served all Defendants, with the exception of Dr. Jun. (Dkt. 29 at 1).  Plaintiff has attached copies of Form AO 398 Notice of a Lawsuit and Request to Waive Service of a Summons and copies of certified mail receipts.  (*See id.* at 3-15). Based on Plaintiff's attachments, the waivers were not returned executed.  To facilitate disposition of this action, the Court grants Plaintiff service by the USMS on all named Defendants.

Plaintiff also requests that the Attorney General's office assist in locating the address of Dr. Jun such that he may be served.  (Dkt. 29 at 1).  Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court hereby requests the New York State Attorney General's Office to ascertain Dr. Jun's last known service address and to provide it to the USMS within 30 days of entry of this Order.  *See Akande v. Phillips*, 386 F. Supp. 3d 281, 297 (W.D.N.Y. 2019) (pursuant to *Valentin*, "the Court hereby directs the United States Attorney for the Western District of New York to ascertain Philips' last known service address"); *Bryant v. N.Y. State Dep't of Corr. Servs. Albany*, No. 00 CIV 3728 RMB FM, 2001 WL 263315, at *1 (S.D.N.Y. Mar. 16, 2001) ("In accordance with *Valentin*, I hereby direct the Attorney General's Office to obtain Hernandez's last known residence address from DOCS and provide it to the Marshals Service within twenty days.").

II.    **Plaintiff's Motion for Extension of Time to File Interrogatories**

Plaintiff seeks an extension of time to request interrogatories from Defendants. (Dkt. 30 at 1).  Plaintiff's request is denied as premature as "a party may not seek discovery from any source prior to the Rule 26(f) conference, absent the parties' agreement or a Court order setting a discovery schedule."  W.D.N.Y. L. R. Civ. P. 26(a).  Here, the Complaint

has not yet been served and there is no Court order setting a discovery schedule. Accordingly, Plaintiff's motion is denied as premature.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's Request to Proceed *In Forma Pauperis* is denied; and it is further

ORDERED that Plaintiff's Motion for Extension of Time to File Interrogatories is denied as premature; and it is further

ORDERED that the Clerk of Court shall forward a copy of this Order and Amended Complaint (Dkt. 16) to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office, Michael.Russo@ag.ny.gov; and it is further

ORDERED that after receiving the Attorney General's *Valentin* response, **and only upon Plaintiff's payment in advance of the applicable service fees to the USMS by money order or certified check**, the Clerk of Court shall send to Plaintiff the *Valentin* response and one Marshals Process Receipt and Return Form ("USM-285 form") for each named Defendant and shall issue and send to Plaintiff a Summons for each named Defendant; and it is further

ORDERED that upon receipt of the USM-285 forms and Summonses, Plaintiff must provide the USMS with all necessary papers for service, including (i) a copy of this Order, (ii) a copy of the Amended Complaint, (iii) one completed USM-285 form for each named Defendant, and (iv) one summons issued by the Clerk of Court for each named Defendant; and it is further

ORDERED that only upon receipt of the service fees and papers, the USMS shall effect service of the Summonses and Amended Complaint upon the named Defendants. The Court notes that Defendants have not been served within the time period required by Federal Rule of Civil Procedure 4(m).  In light of Plaintiff's *pro se* status and his attempts to serve Defendants, the Court will *sua sponte* extend Plaintiff's deadline to serve Defendants to August 31, 2020.  *Gibson v. Smith*, No. 6:17-CV-6449 (MAT), 2017 WL 5622950, at *3 (W.D.N.Y. Nov. 22, 2017) (extending time for service *sua sponte* "in light of plaintiff's *pro se* status and his efforts to effect service").  **However, Plaintiff is advised that it is his responsibility to inquire of the USMS as to whether service has been made and, if service has not been completed by that date, it is his obligation to seek a further extension.**  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) ("If a plaintiff . . . chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, she must advise the district court that she is relying on the Marshals to effect service and request a further extension of time for them to do so.").  **If by August 31, 2020, Plaintiff has not made service or requested an extension of time in which to do so, the Court may dismiss the action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.**

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

DATED:     June 3, 2020
           Rochester, NY